```
                                          FILED
                                       MISSOULA, MT

                                    2006 MAY 12 AM 9 35

                                      PATRICK E. DUFFY
                                    BY _____
                                          DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JEROME S. GARDIPEE, | ) | CV-04-241-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ANDREW W. PAUL, | ) | |
| | ) | |
| Respondent. | ) | |

United States Magistrate Judge Leif Erickson entered Findings and Recommendation (dkt #3) in this matter on October 17, 2005. Petitioner Halley did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

As Judge Erickson found, Gardipee is apparently seeking to involve this Court in an ongoing state criminal action that is or was before the Montana Fourth Judicial District Court in Missoula County. Federal courts rarely intervene in state court proceedings.

Federal courts intervene only when there is likelihood of great and immediate irreparable injury to a federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* Court directed federal courts to abstain from granting injunctive or declaratory relief when it would interfere with pending state judicial proceedings. *Id.* at 40-41. This also applies to federal civil proceedings that seek money damages when there is a counterpart criminal proceeding in state court. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) overruled on other grounds *Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001). *Younger* abstention also requires dismissal of a federal action rather than a stay. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). As a matter of equity and comity, there is a strong judicial policy preventing wanton federal interference. *Younger*, 401 U.S. at 43-44.

The Ninth Circuit has stated that *Younger* abstention is appropriate where 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state

interests; and 3) the state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims. *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995).

Here, Gardipee is asking this Court to intervene in ongoing state judicial proceedings. These proceedings implicate important state interests and they also provide Gardipee with the opportunity to raise his concerns in state district court. Consequently, pursuant to the *Younger* doctrine this Court will abstain from interfering with the state proceedings.

Thus, based on the foregoing, IT IS HEREBY ORDERED that Judge Erickson's Findings and Recommendations are adopted in full and Gardipee's Petition Seeking Order for Injunction is DENIED.

DATED this 11th day of May, 2006.

Donald W. Molloy, Chief Judge
United States District Court